UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT ELLIS, JR. / HOPE | : | |
| | : | |
| v. | : | C.A. No. 23-00410-WES |
| | : | |
| JACKIE ALVAREZ | : | |

## REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On October 6, 2023, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $402.00 per case filing fee.  (ECF Nos. 1, 2).  Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination.  28 U.S.C. § 636; LR Cv 72.  After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."  For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

In her Complaint, Plaintiff sues Jackie Alvarez and JJ Property Management alleging that she is a transgender "man to female" named Scott Ellis but that Defendant "knows me as Hope." (ECF No. 1-1 at p. 1). Plaintiff contends the basis of the Court's jurisdiction is "VIII also know [sic] as Fair Housing law." (ECF No. 1 at p. 3). Plaintiff allegedly asked Defendant to refer to her as Hope and subsequently received text messages addressed to "Scott/Hope." Plaintiff alleges Defendant engages in "passive, aggressive" behaviors and discriminates against her "when she is upset." (ECF No. 1-1 at pp. 1-2). Plaintiff cites one text message concerning parking in support of such claim. Plaintiff specifically states that such message, which was addressed to "Scott a.k.a. Hope" stated "please note the priority of parking is for every Fur including yours even 15 De Soto St." Id. Plaintiff notes "she doesn't even acknowledge the fact that I've asked her to call me Hope not Scott." Id. Plaintiff also alleges that Defendant and her handyman entered her apartment on October 1, 2023 at 12:15 p.m. without providing "24 hour notice that she was coming by to do an inspection." Id. at p. 2. When Plaintiff tried to shut the door, Defendant stated "Scott let me in.…" Id. Plaintiff alleges "she will only discriminate against me when she is mad." Id. Plaintiff seems to be requesting to be able to remain in her current home, i.e., "stay at the party" and an award of damages in the amount of $50,000.00. (ECF No. 1 at p. 5).

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an

action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.

To properly state a claim, a plaintiff's allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  Id.  Plaintiff has not done that.  The Fair Housing Act, 42 U.S.C. §3604 "contemplates three types of claims for perceived discrimination: 'disparate treatment, disparate impact, and failure to make reasonable accommodations.'" Batista v. Cooperativa De Vivienda Jardines De San Ignacio, 776 F.3d 38, 43 (1st Cir. 2015).

As drafted, the Complaint does not inform Defendants or the Court as to factual or legal bases for the relevant claims, nor does it permit Defendants to answer the Complaint and prepare for trial. Plaintiff also offers no basis for the claimed $50,000.00 in damages. In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)). Since Plaintiff sues in the name of "Scott Ellis, Jr." and solely uses the name "Scott Ellis" in the caption of her Affidavit (ECF No. 1-1 at p. 1), the Court infers that Scott Ellis is Plaintiff's legal name, but she prefers to be addressed as Hope. While failing to address another by their preferred name rather than their legal name is insensitive and disrespectful, Plaintiff has not alleged facts which might reasonably support a housing discrimination claim based on this reasonably perceived slight, whether passive-aggressive or not. Plaintiff also has not alleged facts which might reasonably support legal entitlement to $50,000.00 in damages as a result of the alleged behavior.

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF No. 1) be DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to

review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2023